IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MAURICE PERRY WILSON, Plaintiff, | § § § | |
| v. | § | No. 3:20-cv-02792-C (BT) |
| DALLAS COUNTY JAIL, Defendant. | § § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

*Pro se* Plaintiff Maurice Perry Wilson, an inmate at the Dallas County Jail, filed this civil action on the Court's standard civil rights complaint form, presumably pursuant to 42 U.S.C. §. 1983. *See* ECF No. 3. The Court granted Wilson's motion to proceed *in forma pauperis* and withheld service pending judicial screening of the complaint. Having screened the complaint, the undersigned recommends that the Court dismiss Wilson's claims under 28 U.S.C. §§ 1915A and (e)(2)(B) for failure to state a claim upon which relief can be granted.

**Background**

Wilson sues the Dallas County Jail for allegedly putting him "at risk of catching [the] COVID-19 virus." ECF No. 3 at 3. He complains that Dallas County Jail is "infested" with COVID-19 cases and that his dorm has been quarantined three times because inmates tested positive for COVID-19. *See* ECF No. 3 at 4. The jail, according to Wilson, does not do any kind of "special cleaning" when it removes inmates from the dorm after they test positive for the virus. *See* ECF No.

3 at 4. Wilson notes that the inmates that contracted COVID-19 in his dorm touched and "breathed on" the same areas in the dorm that he "has to live in." *See* ECF No. 3 at 4.

Wilson also complains that the jail's social distancing policy—pursuant to which inmates who sleep in adjoining bunks having less than six feet of separation must sleep in opposite directions—is inadequate to combat the virus. *See* ECF No. 3 at 6. He notes in an attachment to his complaint that there are two inmates in every cell, so it is impossible to practice social distancing, which is violative of the "social distance law." *See* ECF No. 3 at 6. He claims to be at a very high risk for catching the virus and stays "worried to death" about catching it. *See* ECF No. 3 at 4.

As for relief, Wilson seeks (1) to be released from jail, (2) monetary damages for pain and suffering for all days that he was at risk of catching COVID-19, and (3) to have his criminal charges dropped. *See* ECF No. 3 at 4.

**Legal Standards**

Wilson's complaint is subject to preliminary screening under 28 U.S.C. § 1915A. That section provides in pertinent part:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks

> monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a) and (b).

Under 28 U.S.C. § 1915(e), a district court may also summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

To state a claim upon which relief may be granted, a plaintiff must "plead enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**Analysis**

Liberally construed, Wilson's complaint raises a conditions of confinement claim related to the spread of COVID-19 and his risk of catching the same in Dallas County Jail in 2020. The claim fails for multiple reasons.

A. <u>The Dallas County Jail—a Nonjural entity—is not a Proper Defendant.</u>

First, Wilson only sues the Dallas County Jail. The Dallas County Jail is a nonjural entity under § 1983. A plaintiff may not bring a civil rights action against

a servient political agency or department unless such agency or department enjoys a separate and distinct legal existence. *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991). A governmental department cannot engage in litigation "unless the true political entity has taken explicit steps to grant the servient agency jural authority." *Darby*, 939 F.2d at 313 (agency of city government); *see also Lindley v. Bowles*, 2020 WL 1315466, at *2 (N.D. Tex. June 12, 2002) (finding Dallas County Jail is not a proper defendant with a jural existence); *Pantoja v. Dallas County Jail*, 2001 WL 1343437, at *2 (N.D. Tex. Oct. 31, 2001) (concluding that neither the Dallas County Jail nor its medical staff and medical department are separate legal entities subject to suit under § 1983). Because the Dallas County Jail is a nonjural entity, and because the Dallas County Jail is the only entity that Wilson sued, the Court should dismiss Wilson's complaint with prejudice.

B. A Prisoner's Generalized Fear of Catching COVID-19 is not Sufficient to State a Conditions of Confinement Claim, the PLRA's Physical Injury Requirement Also Bar's Wilson's Claim for Compensatory Damages, and Wilson's Claims for Habeas-Type Relief Are Not Cognizable in This Action.

Even if Wilson had named an entity capable of being sued, his claim still fails for other reasons. Liberally construed, the gist of Wilson's claim is that Dallas County Jail was deliberately indifferent to his potential exposure to COVID-19. He never says, though, that he caught COVID-19, and the implication is that he did not. "[T]o the extent that [Wilson] takes issue with conditions of confinement that resulted in his exposure to potential harm at [Dallas County Jail] in [September] of 2020, a prisoner's generalized fear of contracting COVID-19 is not sufficient to

state a claim for relief." *Hamby v. Warden, Estelle Unit*, 2020 WL 7081606, at *2 (S.D. Tex. Dec. 3, 2020) (citing *United States v. Koons*, 455 F.Supp.3d 285, 292 (W.D. La. 2020) ("General concerns about the spread of COVID-19 or the mere fear of contracting an illness in prison are insufficient grounds to establish the extraordinary and compelling reasons necessary to reduce a sentence."); *VanDyke v. La. Dep't of Corr.*, 2020 WL 1869016 at *2 (W.D. La. Apr. 13, 2020) (holding that generalized fears of COVID-19 do not establish a right to release, transfer, or any other form of redress) (citations omitted)). Wilson's conditions of confinement claim, rooted only in a generalized fear of catching COVID-19, is meritless.

Also, Wilson only seeks—in addition to a release from jail, which is discussed below—compensatory damages for the pain and suffering that he experienced. *See* ECF No. 3 at 4. But he does not allege a physical injury. As a prisoner, Wilson is subject the Prison Litigation Reform Act's (PLRA) provisions. And the PLRA bars "prisoners from bringing an action in federal court for mental or emotional injuries suffered in custody without a prior showing of physical injury." *See* 42 U.S.C. § 1997e(e). This physical injury requirement "has long been recognized as applying to claims under the Eighth Amendment." *See Sutherland v. Akin*, 2021 WL 4197239, at *5 (N.D. Tex. Sept. 15, 2021) (citing *Herman v. Holiday*, 238 F.3d 660, 665-66 (5th Cir. 2001); *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999); *Siglar v. Hightower*, 112 F.3d 191, 193-94 (5th Cir. 1997)). Thus, because Wilson alleges no physical injury, the PLRA bars his claim for compensatory damages. *See, e.g.*, *Hamby*, 2020 WL 7081606, at *2; *Lee v. Doe*, 2022 WL 204355, at *5

(S.D.N.Y. Jan. 24, 2022) ("Because Plaintiff does not allege any physical injury, he cannot obtain damages for mental or emotional distress he may have from being incarcerated with quarantining inmates.") (citations omitted); *Greer v. KCSO Admin.*, 2021 WL 3563148, at *2 (E.D. Cal. Aug. 12, 2021) ("Plaintiff does not contend that he contracted COVID-19 or suffered any other physical injury, and he does not allege the commission of a sexual act. Therefore, Plaintiff's claim for damages for emotional harm is barred.").

And finally, Wilson also seeks to be released from jail and to have his criminal charges dropped. *See* ECF No. 3 at 4. But a § 1983 action is not the appropriate means for obtaining such relief. *See*, *e.g.*, *Brown v. Morgan*, 2021 WL 7084889, at *3 (N.D. Tex. May 11, 2021), *rec. accepted* 2022 WL 263402 (N.D. Tex. Jan. 28, 2022) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole remedy is a writ of habeas corpus."); *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997) (noting that "§ 1983 suits are the proper vehicle to attack unconstitutional conditions of confinement and prison procedures," while "[a] habeas petition...is the proper vehicle to seek release from custody"); *Spina v. Aaron*, 821 F.2d 1126, 1128 (5th Cir. 1987) ("The core issue in determining whether a prisoner must initially pursue relief through habeas corpus rather than a civil rights action is the same whether the prisoner is in state or federal custody: Does he challenge the 'fact

or duration' of his confinement or merely rules, customs, and procedures affecting 'conditions of confinement?'") (further citations omitted).

And while the Court could sever Wilson's claims into a new habeas action, the undersigned does not recommend that because a habeas action premised upon conditions of confinement is not cognizable, so any habeas action would be futile. *See*, *e.g.*, *Guerrero v. Lumpkin*, 2022 WL 329341, at *4 (W.D. Tex. Feb. 3, 2022) ("Petitioner claims several conditions imposed by the IPTC program violate his due process rights. However, a federal habeas action is only available to challenge the fact or duration of confinement, not the conditions of confinement."); *Cureno Hernandez v. Mora*, 467 F.Supp.3d 454, 461 (N.D. Tex. June 15, 2020) (concluding that the petitioner's COVID-based conditions-of-confinement claims were not cognizable in the habeas context). Thus, Wilson's claims for habeas-type relief are not cognizable and should be dismissed. [1]

**Leave to Amend**

Ordinarily, a *pro se* plaintiff should be granted the opportunity to amend his complaint prior to a dismissal but leave to amend is not required when a plaintiff "has already pleaded his 'best case.'" *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). Here, though, Wilson's claims appear to be fatally infirm. Even if he

---

[1] The undersigned does not construe Wilson's complaint as a habeas petition. He filed it on the Court's standard prisoner civil rights form and seeks monetary damages. *See* ECF No. 3 at 4. And a plaintiff cannot transform a conditions of confinement § 1983 complaint into a habeas petition by simply tacking on a request to be released from jail. *See* *Cureno Hernandez*, 467 F.Supp.3d at 460-61 (collecting cases).

could name a proper defendant, his generalized fear of contracting COVID-19 is insufficient to state a conditions of confinement claim which would, at any rate, be barred by statute. And the habeas claims are not cognizable in this action. Thus, amendment would be futile and cause needless delay.

**Recommendation**

The Court should dismiss Wilson's claims with prejudice pursuant to 28 U.S.C. §§ 1915A and (e)(2)(B) for failure to state a claim.

SO RECOMMENDED.

March 16, 2022.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See* *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).